# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MAXIMILIANO PEREZ,

    Plaintiff(s),

v.

PETER REUBEN SHENK-KOONTZ,

    Defendant(s).

Case No.: 2:17-cv-02138-APG-NJK

**ORDER**

Pending before the Court is an order for Defendant and Defendant's counsel of record (Lara Miller and Thomas Winner) to show cause for violating the Court's order setting the settlement conference and for potentially not participating in that settlement conference in good faith. Docket No. 33. Defendant and his counsel have responded. Docket No. 37.

With respect to the attendance requirements, Defendant and his counsel acknowledge that they violated the order. They also put forward no plausible explanation for that violation, but merely state that the failure to appear was in error. That is not compelling, as the attendance requirements are clearly articulated in the Court's order. Moreover, Mr. Winner acknowledges that he did not even review the Court's order, despite being lead counsel on the case. *See* Docket No. 37 at 3. There is obviously no excuse for failing to read an order.

With respect to participating in good faith, Defendant's counsel first represents stunningly that they were unaware of the insurance carrier's settlement position "until shortly before the settlement conference occurred." *Id.* at 2. Such a representation is directly contrary to counsel's

obligation to obtain that settlement position well before the conference and to include it in the settlement statement. *See* Docket No. 33 at 1 n.2 (notation in order to show cause that Defendant's settlement statement violated the Court's order to include the initial offer that Defendant intended to make). Moreover, Defendant's counsel now asserts that the downward departure from the previous offer was based on new facts learned during discovery. Other than a passing reference to that effect by the insurance representative, that was not the explanation provided at the settlement conference.[1]

In short, Defendant and his counsel admit to violating a clear order regarding attendance without any reasonable justification, and have provided inconsistent and problematic attestations regarding their conduct at the settlement conference. The Court would be well within its discretion to impose monetary sanctions in these circumstances. In this instance, however, the Court will **ADMONISH** Defendant, attorney Lara Miller, and attorney Thomas Winner. The Court further **ORDERS** Ms. Miller and Mr. Winner to attend five hours of continuing legal education regarding ethics and/or federal litigation practice, and to file a declaration of doing so by March 27, 2019. The Court expects strict compliance with its orders in the future, and failure to do so may result in the imposition of significant sanctions. In all other respects, the order to show cause is hereby **DISCHARGED**.

IT IS SO ORDERED.

Dated: February 27, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Instead, counsel stated repeatedly and emphatically that she was backtracking from the previous offer out of her personal frustration with the conduct of opposing counsel months earlier.